### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 20-cv-03195-NYW-MEH

MICHAEL HARRIS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER ON MOTION TO AMEND

This matter is before the Court on Plaintiff's Motion to For [sic] Leave to Amend Complaint and Jury Demand (the "Motion" or "Motion to Amend") filed on August 31, 2022. [Doc. 56]. For the reasons set forth herein, the Motion to Amend is respectfully **DENIED**.

### BACKGROUND

On September 30, 2017, Plaintiff Michael Harris ("Plaintiff" or "Mr. Harris") was traveling on Parker Road in Parker, Colorado. [Doc. 3 at ¶ 9].[1] After Mr. Harris's vehicle came to a stop at a red light, his vehicle was rear-ended by a car driven by an individual named Gary Davis; as a result of this collision, Mr. Harris's vehicle was pushed into the car in front of it. [*Id.* at ¶¶ 12-15]. Mr. Harris alleges that he sustained severe and permanent bodily injuries in the accident. [*Id.* at ¶ 20].

At the time of the collision, Mr. Harris held an insurance policy through Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"), which included

---

[1] The following facts are drawn from Plaintiff's Complaint and Jury Demand [Doc. 3].

underinsured motorist ("UIM") coverage. [*Id.* at ¶¶ 6, 8]. Mr. Davis, who Mr. Harris alleges was "fully, and solely, a fault for this collision," [*id.* at ¶ 17], was insured through Progressive Insurance Company. [*Id.* at ¶ 24]. Progressive offered to settle Mr. Harris's bodily injury claims against Mr. Davis for Mr. Davis's $25,000 policy limit. [*Id.*]. After obtaining approval from State Farm, Mr. Harris and Progressive settled the claims against Mr. Davis for the policy-limit amount. [*Id.* at ¶¶ 25-26]. Because Mr. Harris's medical expenses exceeded the $25,000 settlement amount, Mr. Harris submitted a claim to State Farm seeking UIM benefits. [*Id.* at ¶¶ 29, 54]. Mr. Harris alleges generally that State Farm "has refused to provide UIM benefits to [him] sufficient to fully compensate him for his injuries." [*Id.* at ¶ 32].

On September 29, 2020, Mr. Harris initiated this action in the District Court for Douglas County, Colorado, raising the following claims against State Farm: (1) breach of contract; (2) bad faith breach of an insurance contract; and (3) unreasonable delay or denial pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. [*Id.* at 5-7]. State Farm removed the case to federal court on October 26, 2020. [Doc. 1]. Relevant here, the Honorable Michael E. Hegarty entered a Scheduling Order in this case on November 30, 2020, setting the deadline to join parties or amend pleadings to January 14, 2021. [Doc. 18 at 9].

On August 2, 2021, State Farm filed a "Motion for Determination of Question of Law," seeking a determination that South Dakota law, as opposed to Colorado law, applies to this case. *See generally* [Doc. 27]. In lieu of filing a response, Mr. Harris voluntarily dismissed his statutory claim. *See* [Doc. 31; Doc. 32]. Thereafter, the Honorable Raymond P. Moore granted Defendant's Motion for Determination of Question of Law and held that South Dakota law applies in this

2

action. [Doc. 32 at 2].[2]  After discovery closed on June 30, 2021 and the dispositive motions deadline passed with no such motions filed, *see* [Doc. 18 at 9], Judge Moore set this case for trial to commence on October 17, 2022, [Doc. 40], which remains set on this Court's calendar. [Doc. 53].[3]

Mr. Harris filed the instant Motion to Amend on August 31, 2022. [Doc. 56]. In the Motion, Mr. Harris seeks leave to amend his Complaint to "restat[e] his previously[ ]alleged claim for punitive damages under South Dakota law instead of Colorado law"[4] and to "amend his second claim for relief – common law bad faith breach of an insurance contract – to comport with South Dakota law." [*Id.* at ¶¶ 1-2]. Due to the imminent trial, the Court ordered State Farm to respond to the Motion no later than September 7, 2022; in so doing, the Court ordered State Farm to address "whether, under South Dakota law, Rule 16(b)(4) of the Federal Rules of Civil Procedure applies to Plaintiff's requested amendment." [Doc. 58]. State Farm has since responded. *See* [Doc. 68]. This matter is thus ripe for disposition.[5]

## LEGAL STANDARD

Typically, when a party files a motion to amend after the expiration of the deadline for amendment of pleadings, the Court considers the motion pursuant to both Rules 15 and 16 of the Federal Rules of Civil Procedure. First, the Court considers whether the moving party has

---

[2] This case was reassigned to the undersigned on August 4, 2022. *See* [Doc. 41].

[3] This Court re-set the trial to begin on October 18, 2022. *See* [Doc. 53].

[4] "To be clear, 'punitive damages are a form of relief and not a "claim" that is subject to a Rule 12(b)(6) motion to dismiss.'" *Emery v. PJH Cos., Inc.*, No. CIV. 18-5035, 2019 WL 3020945, at *3 (D.S.D. July 10, 2019) (quoting *Benedetto v. Delta Air Lines, Inc.*, 917 F. Supp. 2d 976, 984 (D.S.D. 2013)).

[5] This Court ordered that no replies to the Motion to Amend would be permitted absent leave of Court. *See* [Doc. 58]; *see also* D.C.COLO.LCivR 7.1(d) (a court may rule on a motion at any time after it is filed).

demonstrated good cause to amend the Scheduling Order pursuant to Rule 16(b). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Next, the Court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Gorsuch*, 771 F.3d at 1242; *cf. Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000) (applying only Rule 15 when the deadline set for amendment in the scheduling order had not yet passed).

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied when, for example, a party learns of new information through discovery, or when the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow

4

amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996); *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971).

## ANALYSIS

Before turning to the merits of the Parties' arguments, the Court must first determine the procedural rule(s) applicable to Plaintiff's request to amend. Mr. Harris raises arguments under Rule 15(a) alone and does not discuss the applicability of—or otherwise mention—Rule 16(b). *See generally* [Doc. 56]. Because the applicable analysis under *Colorado law* shifts when a party seeks leave to add a request for exemplary damages, *see Louradour v. United Launch All., L.L.C.*, No. 20-cv-00608-RMR-NYW, 2021 WL 4947316, at *2 (D. Colo. Sept. 9, 2021), this Court ordered State Farm to address whether Rule 16 applies to Mr. Harris's request under South Dakota law. [Doc. 58]. In its Response, State Farm asserts that "[t]he Eighth and Tenth Circuit[s] both follow the same two-step analysis when a party seeks to amend its pleadings after the deadline set forth in the Scheduling Order for such amendments has passed," i.e., applying the standards set forth in both Rule 16 and Rule 15 to the movant's request to amend. *See* [Doc. 68 at 2].

Through its independent research, the Court could locate no authority from the District of South Dakota specifically discussing the application of Rule 16 to a motion to amend that seeks leave to add a request for punitive damages. However, at least one court within that District has applied the Rule 16(b) standard where a party sought leave to amend the complaint to add a request for punitive damages, *see Giesler v. Hirchert*, No. 5:16-cv-05088-JLV, 2018 WL 671206, at *2 (D.S.D. Jan. 31, 2018), and courts within the District of South Dakota routinely use the two-step test in determining whether to grant belated motions to amend generally. *See, e.g.*, *Lee v. Driscoll*, No. CV 14-4146, 2016 WL 1337248, at *3 (D.S.D. Mar. 31, 2016); *Stafford v. Van Beek*, No. 4:20-cv-04147-KES, 2022 WL 375503, at *3 (D.S.D. Feb. 8, 2022). Moreover, unlike Colorado

5

law, the South Dakota statute setting forth the procedural requirements of a punitive or exemplary damages request does not expressly prohibit a party from requesting such relief at the outset of a case. *Compare* Colo. Rev. Stat. § 13-21-102(1.5)(a) ("A claim for exemplary damages in an action governed by this section <u>may not</u> be included in any initial claim for relief.") (emphasis added) *with* S.D. Codified Laws ("SDCL") § 21-1-4.1 (providing that "before any discovery relating [to punitive damages] may be commenced and before any such claim may be submitted to the finder of fact, the court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against" but *not* expressly prohibiting including the request in an initial complaint).[6]  And finally, the Court notes that it has diversity subject matter jurisdiction over this case under 28 U.S.C. § 1332(a), which means that it applies state substantive law and federal procedural law, including Rule 16(b), in this action. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017).  For all of these reasons, the Court concludes that analyzing Plaintiff's Motion under the Rule 16(b) standard is appropriate.

As mentioned above, Plaintiff makes no argument in his Motion to Amend that good cause exists for amendment of the Scheduling Order under Rule 16(b). *See generally* [Doc. 56].  The failure to assert an argument pursuant to Rule 16(b) is alone a sufficient basis to deny a motion to amend. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018); *Doe v. Intermountain Healthcare, Inc.*, No. 2:18-cv-00807-RJS-JCB, 2020 WL 6743256, at *3 (D. Utah

---

[6] The South Dakota Supreme Court has "held that SDCL 21-1-4.1 is a procedural statute." *Ammann v. Massey-Ferguson, Ltd.*, 933 F. Supp. 840, 842 (D.S.D. 1996) (citing *Dahl v. Sittner*, 474 N.W.2d 897, 902 (S.D. 1991)).  Thus, "the strictures of SDCL 21-1-4.1 are inapplicable in federal court proceedings." *Kendall v. Bausch & Lomb, Inc.*, No. CIV. 05-5066, 2007 WL 9773481, at *2 (D.S.D. Feb. 7, 2007).

6

Nov. 17, 2020). But even setting aside Mr. Harris's failure to address Rule 16(b), the Court cannot conclude that good cause exists to amend the Scheduling Order in this case.

***First***, Mr. Harris seeks leave to amend his Complaint to include a request for punitive damages. [Doc. 56 at 2]. He maintains that "analogous to [his original] Third Claim for Relief, South Dakota law affords Plaintiff the ability to seek punitive damages against Defendant." [*Id.* at 4]. But Mr. Harris voluntarily dismissed his third claim over a year ago, with the acknowledgment that South Dakota substantive law applies in this case. *See* [Doc. 31 at ¶ 3 ("Plaintiff agrees with Defendant's conclusion that South Dakota law applies to Plaintiff's claims for relief asserted in his Complaint"); Doc. 32]. Mr. Harris provides no explanation as to why he waited an entire year before attempting to add what he maintains is simply an analogous South Dakota claim to this case. *See generally* [Doc. 56]. Indeed, Mr. Harris himself admits that the issue of punitive damages has been known to the Parties "since the initial[] state court complaint was filed on September 29, 2020." [*Id.* at 6]. "Because the deadline for amendment had already passed, it was incumbent upon the Plaintiff to alert the court of its need to amend as soon as possible." *Fountain Valley Inv. Partners, LLC v. Cont'l W. Ins. Co.*, No. 14-cv-01906-MSK-NYW, 2015 WL 7770772, at *2 (D. Colo. Dec. 3, 2015). The "good cause" provision in Rule 16 "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay" in seeking amendment. *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)). Mr. Harris provides no such explanation here.

***Second***, Mr. Harris seeks leave to amend his second claim to "comply with South Dakota law." [Doc. 56 at 6]. Mr. Harris represents that "[t]he factual basis for the claim remains unchanged" and "the proposed amendment merely alleges the proper elements under the correct

7

state law." [*Id.* at 7]. However, a comparison of the operative Complaint, [Doc. 3], and the Proposed Amended Complaint, [Doc. 56-1], reveals that Mr. Harris's representation is inaccurate, as the Proposed Amended Complaint adds additional factual allegations not contained in Mr. Harris's original Complaint. *See, e.g.*, [Doc. 56-1 at ¶ 29 ("Defendant did not begin adjusting the UIM claim until two (2) years after the September 30, 2017 motor-vehicle crash and Mr. Harris's known injuries, pain and suffering had accrued."); *id.* at ¶ 30 ("Defendant failed to send correspondence to Mr. Harris outlining his UIM coverage and Mr. Harris's rights and options pursuant to his UIM coverage."); *id.* at ¶ 34 ("Defendant failed to contact any of Mr. Harris's medical treaters to evaluate his claimed future medical treatment needs.")].

To be sure, Rule 16(b)'s good-cause burden may be satisfied where new information is learned during discovery. *Gorsuch*, 771 F.3d at 1240. But Mr. Harris does not argue that these new factual assertions are based on information learned in discovery; nor could he, given that it appears evident that these facts arise out of the early stages of the claims-handling process and were thus known to Mr. Harris at the time he filed his Complaint on September 29, 2020. *See Husky Ventures*, 911 F.3d at 1020 ("Because Rule 16 requires diligence, B55 and Mr. McArthur cannot establish good cause if B55 knew of the underlying conduct but simply failed to raise [its] claims." (internal quotation marks omitted)).

Moreover, the Rule 16(b) good-cause threshold may be met where the governing law has changed. *Gorsuch*, 771 F.3d at 1240. A reasonable argument could be made that the applicable or governing law changed when Judge Moore held on September 8, 2021 that South Dakota law applies in this case. However, any change in governing law does not constitute good cause to amend the Scheduling Order where Plaintiff waited almost a year after Judge Moore's Order before moving to amend his Complaint. *Cf. Gary G. v. United Healthcare*, No. 2:17-cv-00413-DN-DAO,

2021 WL 778578, at *1 (D. Utah Mar. 1, 2021*)* ("The moving party must show good cause . . . for the length of time between learning of the new information warranting amendment and moving to amend."); *Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC-ADM, 2020 WL 5118068, at *1 (D. Kan. Aug. 31, 2020) (A party "must . . . show it acted diligently in moving to amend").[7]

      For these reasons, the Court cannot conclude that good cause exists to amend the Scheduling Order under Rule 16(b). For this reason, the Court need not address the Rule 15 standards for leave to amend.[8] *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [the movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying motion to amend on the basis of a failure to establish "good cause" under Rule 16(b)(4)); *Perez v. Denver Fire Dep't*, 243 F. Supp. 3d 1186, 1199 (D. Colo. 2017), *aff'd*, 724 F. App'x 646 (10th Cir. 2018) ("[T]he application of Rule 16(b)'s good-cause standard is not optional.") (quotation omitted).

---

[7] Indeed, there is no mention of a punitive damages in the Final Pretrial Order, [Doc. 35 at 2-3], which may only be amended for manifest injustice under Rule 16(e). *See* Fed. R. Civ. P. 16(e).

[8] If the Court did reach Rule 15(a), it would conclude that the Motion to Amend should be denied based on Plaintiff's undue delay for the same reasons set forth above. *See Leatherwood v. Rios*, 705 F. App'x 735, 740 (10th Cir. 2017) ("Leave to amend may also be denied for undue delay when the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."); *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (affirming denial of a motion to amend where the "facts underlying the [new punitive damages] claim were known to the plaintiff at the time suit was instituted").

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion to For [sic] Leave to Amend Complaint and Jury Demand [Doc. 56] is **DENIED**.

DATED:  September 9, 2022                              BY THE COURT:

                                                                         _____
                                                                         Nina Y. Wang
                                                                         United States District Judge